IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00500-LTB-CBS

JASON P. CLAUSEN,
    Applicant,
v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
ARISTEDES ZAVARAS, Director Colorado DOC, and
JOHN SUTHERS, the Attorney General of the State of Colorado,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" ("Petition") (filed March 11, 2008) (doc. # 2). Pursuant to the Order of Reference dated April 4, 2008 (doc. # 6), this civil action was referred to the Magistrate Judge to, *inter alia*, "submit proposed findings of fact and recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed April 30, 2008) (doc. # 10), Mr. Clausen's Traverse and "Points and Authorities in Support of Traverse" (filed June 25, 2008) (docs. # 18 and # 18-2), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Background

Mr. Clausen is currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections in Sterling, Colorado. On January 27, 2003, Mr. Clausen was charged with one count of murder in the first degree after deliberation pursuant to Colo. Rev. Stat. § 18-3-102(1)(a), one count of murder in the first degree pursuant to Colo. Rev. Stat. § 18-3-102(1)(b), and

1

one count of second degree kidnapping pursuant to Colo. Rev. Stat. § 18-3-302(1) for the kidnapping and murder of Lacy Miller in Larimer County, Colorado on January 18, 2003. (*See* State Court Record (doc. # 13) at pp. 0086-0088). On April 3, 2003, Mr. Clausen pled guilty to the second count of murder in the first degree pursuant to Colo. Rev. Stat. § 18-3-102(1)(b) in exchange for the prosecution's stipulation to not seek the death penalty and to dismiss counts one and three. At the time of his plea, Mr. Clausen was represented by attorneys Joseph A. Gavaldon, Edward Gavaldon, and Joseph James Vick, III. (*See* State Court Record, Reporter's Transcript at p. 1). Mr. Clausen was sentenced to a mandatory term of life imprisonment without the possibility of parole. (*See* State Court Record (doc. # 13) at pp. 0135).

On or about April 5, 2004, Mr. Clausen filed *pro se* a "Motion for Post-Conviction Relief Pursuant to C.A.R. 35(C)." (*See* State Court Record at pp. 0155-62). On April 6, 2004, the trial court appointed the Fort Collins Regional Office of the State Public Defender to represent Mr. Clausen "with regard to the 35(c) motion." (*See* State Court Record at pp. 0163-65). The State Public Defender later withdrew. (*See* State Court Record at p. 0167). On October 5, 2004, the court determined that Mr. Clausen had not sufficiently demonstrated entitlement to relief under Rule 35(c) or to appointed counsel and vacated the previous appointment of counsel. (*See* State Court Record at pp. 0169-70). The court afforded Mr. Clausen 60 days to "determine how he wishes to proceed." (*See id.*). On December 6, 2004, the court denied Mr. Clausen's Rule 35(c) motion. (*See* State Court Record at p. 0172).

Mr. Clausen appealed the denial of his postconviction motion. (*See* State Court Record at p. 0185). A division of the Colorado Court of Appeals affirmed the order denying Mr. Clausen's postconviction motion. (*See People v. Clausen*, 05CA0156 (Colo. App. May 31, 2007) (not published pursuant to C.A.R. 35(f)) (Respondents' Appendix G (doc. # 10-8)). On February 25, 2008, the Colorado Supreme Court denied Mr. Clausen's Petition for Writ of Certiorari. (*See*

Respondents' Appendix I (doc. # 10-10)). The Court of Appeals issued its mandate on March 14, 2008. (*See* Respondents' Appendix J (doc. # 10-11)).

Mr. Clausen filed this Petition in federal court on or about March 11, 2008, raising three claims: (1) that he received ineffective assistance of plea counsel; (2) that the trial judge erred in denying an evidentiary hearing on his postconviction motion; and (3) the Colorado Court of Appeals and the Colorado Supreme Court applied an erroneous standard in denying his appeal and petition for writ of certiorari. (*See* Petition (doc. # 2)).

A.  One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

B.  Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1). Respondents do not argue that Mr. Clausen failed to exhaust his state remedies prior to filing the Petition.

C. Merits of Mr. Clausen's Claims

1. Standard of Review

Mr. Clausen filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d) and (e), as amended by the AEDPA. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). *See also Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law" under § 2254(d)(1),

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the

4

merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003). *See also Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) ("To establish that habeas relief is warranted on the § 2254(d)(2) ground . . . a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct.") (citations omitted). Whether a defendant involuntarily entered a plea based on ineffective assistance of counsel is "a mixed question of law and fact." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996). To the extent that this question depends on findings of fact made by the state court, when applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Clausen] bears the burden of rebutting this presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).

2.  Claim One Alleging Ineffective Assistance of Plea Counsel

Mr. Clausen alleges that the Colorado courts erred in rejecting his claims of ineffective assistance of plea counsel. Mr. Clausen alleges that plea counsel was ineffective for failing to properly investigate, failing to prepare a defense, failing to discuss and explain, and coercing him to plead guilty. (*See* Petition (doc. # 2) at pp. 5-8 of 30; Traverse (doc. # 18) at p. 1 of 2).

The Colorado Court of Appeals concluded that the trial court had properly denied Mr. Clausen's postconviction motion without an evidentiary hearing. (*See People v. Clausen*, 05CA0156 (Respondents' Appendix G (doc. # 10-8))). The Colorado Court of Appeals determined that Mr. Clausen failed to "establish either prong of an ineffective assistance claim." (*See id.* (doc. # 10-8) at p. 10 of 11). Mr. Clausen did not allege specific facts to support his claim for failure to investigate, as he "did not explain what additional investigation counsel should have done, what the

results of those efforts would have been, or how those results would have affected the outcome of the case." (*See id.* (doc. # 10-8) at p. 8 of 11). As to Mr. Clausen's claim that defense counsel failed to prepare a defense, the Colorado Court of Appeals found his "allegations were properly denied as facially insufficient." (*See* doc. # 10-8 at p. 8 of 11). While Mr. Clausen's allegation that defense counsel failed to consult and explain was "sufficiently specific," the Colorado Court of Appeals found it "plainly meritless." (*See* doc. # 10-8 at p. 9 of 11). Based on Mr. Clausen's declarations at the providency hearing, the Colorado Court of Appeals found Mr. Clausen's claim that defense counsel had coerced him to plead guilty "meritless and plainly refuted by the record." (*See* doc. # 10-8 at p. 7 of 11).

"A defendant's guilty plea must be knowing, voluntary, and intelligent." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations omitted). "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequences." *Id.* (internal quotation marks and citation omitted). *See also Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (internal quotation marks and citation omitted). When a defendant enters a guilty plea on the advice of counsel, the defendant may attack the voluntariness of the plea by showing ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. at 56-57. (citations omitted). "The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging his guilty plea on the ground that he was denied his Sixth Amendment right to effective assistance of counsel." *Fields v. Gibson*, 277 F.3d 1203, 1215-16 (10th Cir. 2002) (internal quotation marks and citations omitted).

"First, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Fields*, 277 F.3d at 1215-16. "To prove deficient performance, [Mr. Clausen]

6

must overcome the presumption that counsel's conduct was constitutionally effective." *Id.* For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Id.* "When reviewing an ineffective assistance of counsel claim, [the court] must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (internal quotation marks and citation omitted). *See also Parker v. Scott*, 394 F.3d 1302, 1320-21 (10th Cir. 2005) ("In assessing whether counsel's performance was deficient, we must free ourselves from the distorting effects of hindsight by indulging in a strong presumption that counsel acted reasonably.") (internal quotation marks and citation omitted). Mr. Clausen "has the burden of rebutting the presumption that his counsel acted reasonably." *Parker*, 394 F.3d at 1321.

Second, "[t]o prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). "In the context of a guilty plea," the burden to show prejudice "requires defendant to show that counsel's deficient performance affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Clingman*, 288 F.3d at 1186 (internal quotation marks and citation omitted). "[A] petitioner's mere allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Rather, the court looks "to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Miller*, 262 F.3d at 1072. Although a defendant need not show he would have prevailed at trial, his prospects of succeeding inform the court's view of whether he would have gone to trial. *Clingman*, 288 F.3d at 1186. "[T]he ultimate issue that the court has to determine is

7

whether the defendant would have changed his plea." *Miller*, 262 F.3d at 1074-75.

Mr. Clausen has not demonstrated that his counsel's performance was ineffective. The evidence relied on by the state courts, including the transcript of Mr. Clausen's providency hearing, does not support a finding that plea counsel's performance was deficient. The trial court found that Mr. Clausen "was represented by extremely experienced and competent counsel." (State Court Record at p. 0172). At the providency and sentencing hearing, Mr. Clausen indicated orally to the court that he was satisfied with his counsel's assistance and had no complaints about their performance. (State Court Record, Reporter's Transcript at pp. 12-13). Mr. Clausen indicated that his counsel had consulted with him, answered his questions, and explained his rights. (*Id.* at pp. 13, 17, 21). Mr. Clausen indicated that he had no grievance, complaint, or disagreement with his counsel's performance. (*Id.* at p. 13).

Mr. Clausen also indicated in writing that his counsel had consulted with him, reviewed the elements of each criminal charge, and explained his rights and the additional consequences of being a convicted felon. (*See* "Combined Court's Questionnaire and Certificate of Defense Counsel Concerning Voluntariness of Defendant's Plea(s) of Guilty" (State Court Record at pp. 0126-28)). Mr. Clausen further acknowledged in writing that he "has had the assistance of competent and effective legal counsel and further acknowledges that his legal counsel has had adequate time and resources to fully investigate all possible defenses." (*See* "Statement of Plea Disposition" (State Court Record at pp. 0133-34 (Respondents' Appendix A (doc. # 10-2))). Mr. Clausen indicated he was satisfied with his counsel's advice and services, that he discussed his plea with his counsel, and that his counsel answered all his questions and fully explained everything to him. (State Court Record at pp. 0128). Mr. Clausen's counsel certified to the court that they fully explained to Mr. Clausen the charges, the elements of the charges, the possible penalties, and his rights. (*See* State Court Record at pp. 0128-29).

Mr. Clausen does not allege specific facts to support his claim for failure to investigate, as he has not stated what additional investigation counsel should have done or how additional investigation would have affected the outcome of the case. Mr. Clausen has failed to identify any specific evidence that was not discovered by defense counsel and would have been advantageous to him at trial. Conclusory allegations without supporting factual averments are insufficient to support a claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Mr. Clausen does not indicate that any witnesses existed who could have been favorable to his defense. Mr. Clausen acknowledged that in pleading guilty, he voluntarily waived and gave up the right to call witnesses to testify on his behalf. (State Court Record at pp. 0127). Further, "counsel need not interview every possible witness to have performed proficiently." *Young v. Sirmons*, 486 F.3d 655, 680 (10th Cir. 2007) (internal quotation marks and citations omitted), *cert. denied*, 128 S.Ct. 1269 (2008).

There is no evidence in the record to support a voluntary intoxication defense and Mr. Clausen has not alleged that voluntary intoxication would have been a valid defense to any of the charges against him. Thus, he has not made an adequate claim that his counsel were ineffective for failing to discuss the defense of voluntary intoxication. *See Oats v. Singletary*, 141 F.3d 1018, 1027 n. 24 (11th Cir. 1998) (petitioner's self-serving and inconsistent statements were not sufficient evidence warranting a jury instruction on voluntary intoxication). Further, in pleading guilty, Mr. Clausen voluntarily waived and gave up the right to present evidence in his own defense. (State Court Record at pp. 0127).

Mr. Clausen alleges that his counsel were ineffective for failing to "argue lack of evidence of felony murder." (*See* Petition (doc. # 2) at p. 5 of 30). Mr. Clausen has not alleged what evidence the prosecution lacked. Mr. Clausen admitted the factual basis for the plea as set forth in the arrest

9

warrant, including that the victim's identification was found in a box of his belongings. (*See* State Court Record, Reporter's Transcript at pp. 5-6; State Court Record at p. 1 *et seq.*). He admitted that he committed second degree kidnapping and caused the death of the victim. (*See* State Court Record, Reporter's Transcript at p. 23).

Mr. Clausen alleges that his counsel failed to discuss the "possibility that he could have been convicted of a lesser included offense" at trial. (*See* Petition (doc. # 2) at p. 6 of 30). Nothing in the allegations or the record suggests that Mr. Clausen would have been convicted at trial of any offense other than those charged. The record in fact demonstrates a strong probability that Mr. Clausen would have been convicted at trial of the charged offenses and received a death sentence. This claim by Mr. Clausen is nothing more than pure speculation. Mr. Clausen acknowledged that he "reviewed with my lawyer any affirmative defenses I might have, and any lesser included offense that might be submitted to the jury." (*See* State Court Record at pp. 0127).

Mr. Clausen claims that defense counsel was ineffective by unduly pressuring him to plead guilty. (Petition at p. 6 of 30). Mr. Clausen's claim does not comport with the record. Mr. Clausen repeatedly represented both orally and in writing that no one had pressured or coerced him in any way, that he entered his plea of guilty knowingly and voluntarily, and that he pled guilty to first degree murder of his own free will. (*See* State Court Record, Reporter's Transcript at pp. 11-12; State Court Record at pp. 0126, 0128, 0134). Mr. Clausen's counsel certified to the court that "[t]o the best of my knowledge, the plea of guilty offered by the Defendant is voluntarily and knowingly made" and that "there have been no threats or other promises to the Defendant." (*See* State Court Record at p. 0129). Counsel do not render deficient performance in convincing a client to plead guilty by "strongly urg[ing] him to do what they thought was in his best interest." *Fields*, 277 F.3d at 1216.

Mr. Clausen's counsel negotiated a plea from three criminal counts that included the possible

punishment of death to one count that precluded the death penalty. (*See* State Court Record at pp. 130-34). Mr. Clausen specifically represented both orally and in writing that he had fully discussed the case with counsel and entered his guilty plea with a full understanding of his rights. There was a real possibility that Mr. Clausen would be convicted of the original three charges and sentenced to death. When measured against the record and his specific oral and written statements, Mr. Clausen's conclusory allegations of ineffective assistance are insufficient. *See Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a movant, like those present in this case, that a plea is knowing and voluntary); *United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The Colorado courts' determination that Mr. Clausen failed to establish this prong of an ineffective assistance claim was not contrary to established federal law or an unreasonable determination of the facts in light of the evidence.

The court "may address the performance and prejudice components in any order, but need not address both if [Mr. Clausen] fails to make a sufficient showing of one." *Fields*, 277 F.3d at 1215-16 (internal quotation marks and citations omitted). Mr. Clausen has not made a sufficient showing that his counsel's representation fell below an objective standard of reasonableness. The court further concludes that, as to his obligation to prove prejudice, Mr. Clausen has failed to establish a reasonable probability that, but for his trial counsel's alleged errors, he would not have pled guilty. Mr. Clausen has not explained how any of his allegations of ineffective assistance of plea counsel influenced his decision to plead guilty. Mr. Clausen was charged with a Class 1 felony

11

carrying a maximum possible sentence of death.  Mr. Clausen agreed to plead guilty to a Class 1 felony with a mandatory sentence of imprisonment for life without the possibility of parole in exchange for the prosecution's stipulation to not seek the death penalty and to dismiss the remaining two criminal counts.  (*See* State Court Record at pp. 130-34).  There was substantial evidence of Mr. Clausen's guilt.  (*See* Arrest Warrant, State Court Record at p. 1 *et seq.*).  Mr. Clausen admitted the factual basis for the first degree murder charge and that he was guilty of committing the crime.  His admissions were his own, not statements made by counsel for him.  As Mr. Clausen has not addressed these admissions in his Petition, he has not really challenged the state courts' reasoning in denying his postconviction motion.  Mr. Clausen has not raised any reasonable probability that, but for counsel's errors, he would not have pled guilty and would have proceeded to trial.

In sum, Mr. Clausen has failed to demonstrate ineffective assistance of counsel. Based upon Mr. Clausen's own expression of satisfaction with his attorneys at his providency hearing, the lack of specific allegations of ineffective assistance or prejudice, and the adequacy of the proceedings in which the guilty plea was entered, the state courts did not err in finding that Mr. Clausen had not met his burden for proving ineffective assistance of counsel.

3.      Claims Two and Three

Mr. Clausen alleges that the state trial court improperly denied an evidentiary hearing on his postconviction motion and that the Colorado Court of Appeals and the Colorado Supreme Court applied the wrong standard of proof to his postconviction motion.  Challenges to a state's post-conviction procedures are generally not cognizable in federal habeas proceedings.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding petitioner may not challenge state court's denial of post-conviction evidentiary hearing because "federal habeas corpus relief does not

lie for errors of state law"). Thus, an alleged error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration . . . states no cognizable federal habeas claim." *Sellers*, 135 F.3d at 1339. Mr. Clausen's Claims Two and Three fail on their merits because "no constitutional provision requires a state to grant post-conviction review." *Sellers*, 135 F.3d at 1339 (citation omitted).

4.     Whether Colorado Courts Applied Proper Standard

Mr. Clausen argues that counsel's actions must be strictly scrutinized in a death penalty case, citing *Smith v. Mullin*, 379 F.3d 919, 938-39 (10th Cir. 2004) ("we are particularly vigilant in guarding [the right to effective assistance] when the defendant faces a sentence of death.") (citation omitted). (*See* doc. # 18-2 at p. 7 of 8). Courts addressing "the question whether a case in which the defendant receives a life sentence instead of the death penalty is a capital or noncapital case for the purpose of due process" have determined that "such cases should be treated as noncapital cases." *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990) (citing *Rembert v. Dugger*, 842 F.2d 301, 302 (11th Cir. 1988) ("the danger of an unwarranted death sentence ended when Rembert was given life") and *Trujillo v. Sullivan*, 815 F.2d 597, 602 (10th Cir. 1987) ("This case, therefore, belongs with noncapital cases merely because of the fortuity that the death penalty was not in fact imposed.")). *See also Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998) ("We hold that a case in which the death penalty is sought but not imposed ultimately is classified as a noncapital case for the purposes of a *Beck* analysis."). In arguing that there was not an adequate factual basis for the original charges, Mr. Clausen contends "that there was no death penalty to avoid and counsel's advice to plead guilty to avoid it is a failure of his duty to his client." (*See* '"Points and Authorities in Support of Traverse" (doc. # 18-2) at p. 4 of 8). Mr. Clausen's own argument supports treatment of this case as a noncapital case. The state courts have scrutinized Mr. Clausen's counsel's

13

performance and committed no error in denying Mr. Clausen's postconviction motion.

5.   Evidentiary Hearing

Mr. Clausen requests that this court conduct an evidentiary hearing. (*See* doc. # 18 at p. 2 of 2, # 18-2 at p. 8 of 8). A petitioner is entitled to an evidentiary hearing on the issue of ineffective assistance "so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Hammon v. Ward*, 466 F.3d 919, 927 (10th Cir. 2006) (internal quotation marks and citations omitted). *See also Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998) ("To obtain an evidentiary hearing on an ineffective assistance of counsel claim, a habeas petitioner must establish that (1) his allegations, if proven, would constitute a colorable claim, thereby entitling him to relief and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.") As the court has determined that Mr. Clausen's allegations are contravened by the factual record and he is not entitled to habeas relief, the court need not conduct an evidentiary hearing.

Accordingly, as Mr. Clausen has not stated a claim upon which federal habeas relief may be granted, IT IS RECOMMENDED that Mr. Clausen's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" (filed March 11, 2008) (doc. # 2) be DENIED and this civil action be DISMISSED with prejudice.

Dated at Denver, Colorado this 9th day of September, 2008.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge