IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00500-LTB-CBS

JASON CLAUSEN,

       Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
ARISTEDES W. ZAVARAS, Director Colorado DOC, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

       Defendants.
_____

ORDER
_____

       This matter is before me on Applicant's Motion to Vacate Order [**Doc # 25**] in which the Plaintiff, Jason P. Clausen, acting *pro se*, requested that I vacate my order dated October 28, 2008, in which I accepted the recommendation of the Magistrate Judge and, as such, dismissed this case with prejudice. For the following reasons, I DENY the motion.

       On March 11, 2008, Plaintiff filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with this court. On September 9, 2008, Magistrate Judge Craig B. Shaffer recommended that the application be denied on the basis that Plaintiff had not stated a claim upon which federal habeas relief may be granted. Plaintiff then filed a motion seeking an enlargement of time to file a "rebuttal" to the Magistrate Judge's recommendation. I granted the motion and, as a result, Plaintiff was given "up to and including October 24, 2008," to file his objections.

On October 28, 2008, I determined that Plaintiff had failed to file specific written objections to the Magistrate Judge's recommendation. Accordingly, I accepted the recommendation, and ordered that the case be dismissed with prejudice. The day after my order issued, on October 29, 2008, Plaintiff filed his "Notice of Objection to the Magistrate Judge's Recommendation." Thereafter, on November 7, 2008, Plaintiff filed the motion at issue here seeking to vacate my order dismissing his case.

In this motion, Plaintiff asserts that "[o]n the evening of October 24, 2008, applicant placed in good faith, his objection to the magistrates' recommendation, in to the hands of the cell-house staff after the objection was properly logged, inspected and sealed with the appropriate postage affixed." Moreover, he claims that "[t]his was done in accordance with CDOC's system for mailing legal documents per Admin. Reg. 750-1 and this Court's Rules." Plaintiff claims that "[p]roof of applicants timely filing of specific objections to the magistrates' recommendation may be had by this Court simply instructing the respondent to produce a copy of the legal mail log for October 24, 2008." The Certificate of Service accompanying Plaintiff's objection – signed by Plaintiff – indicates that it was served "by depositing copies . . . . in the US mail, postage pre-paid this the 23 day of October 2008." As such, Plaintiff claims that it was timely filed pursuant to the prison mailbox rule as set forth in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

The mailbox ruled provides that a *pro se* prisoner's filing will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents. *Price v. Philpot,* 420 F.3d 1158, 1163 -1164 (10th Cir. 2005). It is Plaintiff's burden to establish timely filing "by either (1) alleging and proving that he or she

2

made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, *supra*, 420 F.3d at 1166.

In this case, Plaintiff's objections does not meet either test. The objections merely state that they were served "by depositing copies . . . . in the US mail, postage pre-paid this the 23 day of October 2008" and, as such, Plaintiff has failed to allege, or timely establish, that a legal mail system was available. His subsequent allegation in his motion to vacate – which alleges that his "objection was properly logged, inspected and sealed with the appropriate postage affixed . . . in accordance with CDOC's system for mailing legal documents per Admin. Reg. 750-1 and this Court's Rules" – is likewise inadequate to allege use of the legal mail system. *See Price v. Philpot*, *supra*, 420 F.3d at 1166 (ruling that an allegation that a movant "used the institutional mails" is insufficient to connote use of the "legal mail system" in order to obtain the benefit of the mailbox rule). Furthermore, Plaintiff has failed to document his use of the legal mail system before I reached a decision on the merits. *Id.* Plaintiff's assertion that proof of his timely filing could be located on the legal mail log does not constitute proof of his unsupported claim. Therefore, Plaintiff has not met his burden to establish his entitlement to the benefit of the mailbox rule under this test.

In addition, Plaintiff has not argued that there was no legal mail system available to him. However, even if that were the case, he still failed to establish his compliance with the mailbox rule in that he did not "prove his timely filing by executing a notarized statement or a declaration

3

under penalty of perjury pursuant to 28 U.S.C. § 1746 setting forth the date of his deposit in the regular mail system and stating that he included pre-paid postage." *Price v. Philpot, supra,* 420 F.3d at 1165 ( the "mandatory method by which a prisoner ... proves compliance with the mailbox rule" is to "submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.")   Plaintiff's certificate of service is not notarized and contains no "under penalty of perjury" language as specifically required by 28 U.S.C. § 1746.

I conclude that Plaintiff has not met his burden to allege and establish his compliance with the mailbox rule under either test. As such, he is not entitled to the benefit of the mailbox rule and his objection to the magistrate judge's recommendation was therefore "filed" when it was received by the court on October 29, 2008. Because his objection was untimely, I deny his motion seeking to vacate my order, dated October 28, 2008, dismissing this case.

ACCORDINGLY, Applicant's Motion to Vacate Order [**Doc # 25**] is DENIED.

Dated: November   25  , 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

4